**Opinion issued November 18, 2021**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-20-00829-CR**

———————————

**DEONDRE JOHNSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 149th District Court
Brazoria County, Texas
Trial Court Case No. 83751-CR

**MEMORANDUM OPINION**

Appellant Deondre Johnson pleaded guilty to the offense of prohibited substance/item in a correctional facility, a third-degree felony. *See* TEX. PENAL CODE ANN. § 38.11(g). In accordance with Appellant's plea-bargain agreement with the State, the trial court found sufficient evidence to find Appellant guilty and

sentenced him to ten years' confinement in the Institutional Division of the Texas Department of Criminal Justice. The trial court ordered the sentence of confinement suspended and placed Appellant on community supervision for eight years.

The State subsequently filed a petition for revocation of probated sentence, alleging Appellant had committed thirteen violations of eight separate conditions of his community supervision order. The State amended its petition to assert thirty-two violations of thirteen separate conditions, but later abandoned eight of those allegations, leaving twenty-four remaining allegations to which Appellant pleaded not true. After a hearing, the trial court found twenty of the twenty-four allegations true, revoked Appellant's community supervision, and sentenced Appellant to ten years' confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant timely filed a notice of appeal.

On appeal, Appellant's appointed counsel filed a motion to withdraw, along with a supporting brief, stating the record presents no reversible error. He asserts the appeal is without merit and frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Counsel's brief meets the *Anders* requirements. The brief presents a professional evaluation of the record and provides references to the record and legal authority. *Id.* at 744; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel explains that after thoroughly reviewing the record, he

is unable to advance any grounds of error warranting reversal. *See Anders*, 386 U.S. at 744; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.). The State waived its right to file a response and Appellant did not respond.[1]

After conducting an independent review of the entire record in this appeal, we conclude there is no reversible error in the record, there are no arguable grounds for review, and the appeal is frivolous. *See Anders*, 386 U.S. at 744 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). We note an appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review with the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

---

[1] The documents filed in this Court indicate Appellant's appointed counsel provided Appellant with a copy of the motion to withdraw and the *Anders* brief. At that time, appointed counsel advised Appellant he had a right to review the trial record at no expense and to prepare his own appellate brief. Counsel provided Appellant with the form required to obtain a free copy of the record and the address to which the form should be mailed.

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[2]  Attorney John C. Caldwell must immediately send Appellant the notice required under Texas Rule of Appellate Procedure 6.5(c) and file a copy of the notice with the Clerk of this Court.  *See* TEX. R. APP. P. 6.5(c).

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Rivas-Molloy and Guerra.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[2] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals.  *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).